## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

WILLIAM CARTER,                    )
                                   )
        Petitioner,              )
                                   )
   v.                          )            No. 4:24-CV-00860-ACL
                                   )
VALERIE HUHN,                      )
                                   )
        Respondent.              )

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court upon review of Petitioner William Carter's motion for leave to proceed in forma pauperis, and Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. The Court has reviewed the motion, and will grant Petitioner leave to proceed in forma pauperis. The Court has also reviewed the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and has determined that it must be dismissed.

### Background

The following information is taken from the instant Petition, and from independent review of public records on Missouri Case.net, the State of Missouri's online docketing system. Petitioner is in the custody of the Missouri Department of Mental Health (DMH), and resides at the Fulton State Hospital in Fulton, Missouri. He was committed to DMH custody in 2002 after pleading not guilty by reason of mental disease or defect (NGRI) to charges of forcible sodomy, kidnapping, first-degree burglary, felonious restraint, and deviate sexual assault in the Circuit Court of Adair County, Missouri. As explained more fully below, was later dually committed as a sexually violent predator.

In the instant Petition, Petitioner identifies the challenged judgment as a February 2024 judgment entered by the Adair County Circuit Court that denied his petition for conditional or unconditional release under Mo. Rev. Stat. § 552.040.  He states he appealed the judgment to the Missouri Court of Appeals for the Western District of Missouri in case number WD87074, but his appeal was "dismissed without evidentiary hearing."  (ECF No. 1 at 2).  He now petitions this Court under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging the Adair County Circuit Court's determination that he is not entitled to conditional or unconditional release.

### Litigation History

In January 2000, Carter was charged in the Circuit Court of Macon County with forcible sodomy, kidnapping, first-degree burglary, felonious restraint, and deviate sexual assault. The charges stemmed from Petitioner's actions against his sixteen-year-old neighbor.  The case was transferred to the Adair County Circuit Court based on venue.  On January 21, 2002, the Circuit Court accepted Carter's plea of NGRI and ordered him committed to the custody of DMH for care and treatment.

Petitioner applied for conditional release less than a month later. Following an evidentiary hearing, the Circuit Court denied Petitioner's application.  The Missouri Court of Appeals for the Western District affirmed. *State v. Carter*, 125 S.W.3d 377 (Mo. Ct. App. W.D. 2004). Although Petitioner argued that the Circuit Court's finding that he suffered from a mental disease or defect was not supported by substantial evidence and was against the weight of the evidence, the Court of Appeals held that "[a]n insanity acquittal creates a presumption of continuing mental illness," and that, "[a]s long as the presumption of continuing mental illness has not been broken following an acquittal by reason of insanity, the burden of proof need not shift to the State and remains on the insanity acquittee to prove that he no longer has a mental

disease or defect rendering him dangerous to himself or others." *Id.* at 380 (citations omitted). The Court of Appeals held that the Circuit Court, as fact-finder, could properly have disbelieved Petitioner's evidence suggesting that he no longer suffered from a mental disease or defect, and that its "finding that petitioner continues to suffer from a mental disease or defect was supported by substantial evidence and was not against the weight of the evidence." *Id.* at 382.

The State evaluated Petitioner and commenced a separate proceeding to have him dually committed as a sexually violent predator (SVP). In 2003, a jury found Petitioner to be an SVP and, based on that finding, the Circuit Court entered a separate judgment committing Petitioner to DMH custody under § 632.495. The Missouri Court of Appeals for the Western District affirmed the judgment. *In re Care and Treatment of Carter*, No. WD63327, 147 S.W.3d 872 (Mo. Ct. App. 2004).

In June 2015, Carter filed a second application for conditional release from his NGRI commitment. The Circuit Court denied Petitioner's application for conditional release as moot. The Circuit Court reasoned that any relief granted to Petitioner on his application for conditional release under section Mo. Rev. Stat. § 552.040.10 would not afford him "any effectual relief" because Petitioner would remain civilly committed under the SVP Act. Accordingly, the trial court held that "as long as [Carter] remains a[n] SVP under civil commitment pursuant to [the SVP Act], any relief granted under Section 552 is moot." *State v. Carter,* 551 S.W.3d 573, 575 (Mo. Ct. App. 2018).

The Missouri Court of Appeals for the Western District reversed, drawing the analogy between Petitioner's dual commitment under chapters 552 and 632 and a criminal defendant who is sentenced to concurrent terms of incarceration for separate offenses. Courts have held that a defendant's challenge to less than all the convictions giving rise to concurrent sentences is not

3

moot, since a defendant might be "'subject ... to disabilities and legal consequences unique to th[e] [challenged] offense.'" *Id.* at 576 (quoting *State v. Reynolds*, 819 S.W.2d 322, 326 (Mo. 1991)). The Missouri Court of Appeals held that the same principle should apply to Petitioner's dual commitments and should permit him to seek release from one commitment order even while the other remained in effect. The Court of Appeals explained that Petitioner's two commitment orders, and his potential release from those commitment orders, were subject to separate statutes, having separate standards and procedural requirements:

> [c]ivil commitments pursuant to an NGRI plea and an SVP determination are each subject to statutory procedures for securing release. Conditional release from an NGRI commitment can be sought pursuant to section 552.040.10, and unconditional release can be sought from an NGRI commitment pursuant to section 552.040.5. Conditional release from an SVP commitment can be sought pursuant to section 632.498.3. In either case, the court entertaining the application is bound to consider statutory factors, subject to the standard and burden of proof specified by statute. To suggest, however, that a court can deem moot an application filed pursuant to one basis for civil commitment simply because the applicant is concurrently committed pursuant to the other basis for civil commitment is to deprive the committed person of any opportunity to secure release. A concurrently committed person must be able to start somewhere. Though Carter cannot be actually released from confinement given his concurrent SVP commitment, he is nonetheless entitled to a hearing and a determination with respect to whether grounds supporting conditional release from his NGRI commitment have been established.

*Id.* at 576-77. The Missouri Court of Appeals remanded the case to the Circuit Court for further proceedings on Petitioner's conditional-release application. *Id.* at 578.

On remand, Petitioner filed a pro se application for unconditional release from his NGRI commitment. *See State v. Carter,* 614 S.W.3d 74, 76-78 (Mo. Ct. App. 2020). On March 15, 2019, the Circuit Court held an evidentiary hearing at which Petitioner (represented by appointed counsel) elected to proceed solely on his application for unconditional release. The Circuit Court denied Petitioner's application for unconditional release on August 15, 2019, in an eleven-page judgment containing detailed findings of fact. The Circuit Court found that Petitioner continued

4

to suffer from Delusional Disorder, although the illness was in remission based on the administration of anti-psychotic medication. The Court found that, although Petitioner "may not be verbalizing delusional symptoms, ... he has refused to actively participat[e] in treatment groups ... where his mental status can be evaluated by mental health professionals." The judgment emphasizes that the symptoms of Petitioner's delusional disorder would return if he stopped taking his medication. The Court found that Petitioner had "refused to take his anti-psychotic medication several times while inpatient at DMH facilities," and had been subjected to involuntary medication orders in 2005, 2007, and in 2011. The Court noted that Petitioner had discarded his medication and had repeatedly requested that the dosage of his medication be reduced, reflecting "his limited insight into his need for medication for his mental illness." The judgment found that "if given a choice [Carter] will not take anti-psychotic medication freely and willingly without measures in place to compel him to do so." *Id*.

The Circuit Court found that Petitioner's underlying offenses were "violent crimes ... [which] have had a traumatic and everlasting impact on his victim." The Circuit Court found that, "[e]xcept for November 2011 to the summer of 2013 [Carter's] behavior while in DMH custody has been riddled with problematic, inappropriate behavior, and non-compliant behavior." The Circuit Court noted that Carter had "refus[ed] to engage in treatment modalities offered to him for the last four years." He had also "accumulated one hundred and four problem worksheets for inappropriate behavior" in a four-month period. The Court noted that Carter had repeatedly been placed on telephone and mail restrictions, most recently for the past four years, because he had tried to contact his victim and Department staff members at their residences, had written threatening letters to individuals outside the facility, and had obtained pornographic material through the mail, including "some that included sexual violence." The Circuit Court

found that "[w]hile in the custody of DMH [Carter] has on four separate occasions become fixated on four different female staff in a manner similar to his committing offenses." In at least one of those cases, Petitioner's inappropriate behavior toward a female staff member occurred while Petitioner was not taking his anti-psychotic medication. *Id.*

Ultimately, the Circuit Court concluded that Petitioner "has not met his burden of showing by clear and convincing evidence that he would not be dangerous to himself or others if unconditionally released." The Court found that, if released, Petitioner "is likely to commit another violent crime against another person because of his mental illness," and "could not conform his conduct to the requirements of the law for more than a few months." The Court found that Petitioner "is at a risk of reoffending and engaging in violent behavior if not in a secure mental health facility such as the SORTS [(Sexual Offender Rehabilitation Treatment Services)] unit" in which he was currently housed. *Id.*

Petitioner appealed the Circuit Court's denial of unconditional release to the Missouri Court of Appeals, which affirmed. *Id.* at 76. He then sought transfer to the Missouri Supreme Court, which was denied. *Carter v. State*, No. SC98815 (2020). Petitioner filed an application for writ of habeas corpus seeking review of the matter in the United States District Court for the Western District on October 8, 2020. *See Carter v. Stringer*, No. 20-04197-CV-C-SRB-P (W.D.Mo.). The United States District Court for the Western District of Missouri transferred the matter to the United State District Court for the Eastern District of Missouri on October 27, 2020, pursuant to 28 U.S.C. §§ 2241(d) and 1404(a). *See Carter v. Huhn,* No. 4:20-CV-1585 SEP (E.D.Mo.).

After a full briefing on the matter, the Honorable Sarah E. Pitlyk denied Petitioner's application for writ of habeas corpus seeking unconditional release on February 27, 2023. *Id.*

6

The Eighth Circuit Court of Appeals denied Petitioner's request for certificate of appealability on April 3, 2023. *Carter v. Huhn*, No. 23-1435 (8th Cir. 2023).

### The Petition

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on or about June 20, 2024.  He claims he sought unconditional release in the Adair County Circuit Court on February 24, 2024 but was denied relief, and the Missouri Court of Appeals then dismissed his appeal without an evidentiary hearing.  However, review of publicly-available records on Missouri Case.Net shows that Petitioner's case remains pending in the Missouri Court of Appeals for the Western District of Missouri, and the Appellate Court has instructed Petitioner to file the Record on Appeal no later than June 24, 2024.  *See State v. Carter,* No. WD87074 (Mo. Ct. App. 2024).  This Court takes judicial notice of these public state records.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

Petitioner previously challenged the Adair County Circuit Court's decision in a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed in this Court on or about May 3, 2004. *See Carter v. Huhn,* No. 4:24-CV-00630-NCC (E.D. Mo. 2024).  The Court denied and dismissed the Petition, without prejudice, on the basis that Petitioner failed to exhaust available state remedies.

### Discussion

Petitioner challenges his current state custody pursuant to civil commitment, and identifies the challenged judgment as the Adair County Circuit Court's denial of his petition for conditional or unconditional release.  The Petition is subject to dismissal due to Petitioner's failure to exhaust his available state remedies.  Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant

7

of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted). Here, independent inquiry shows that Petitioner's case remains pending in the Missouri Court of Appeals for the Western District of Missouri. Petitioner therefore cannot demonstrate that he has exhausted available state remedies. As a result, the Court must dismiss the instant petition.

The Court will not issue a certificate of appealability. To do so here, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the Court does not find this procedural ruling to be one that can be reasonably disputed, it will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 25th day of June, 2024.

_____

HENRY EDWARD AUTREY<br>
UNITED STATES DISTRICT JUDGE